IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**FILED - GR**
June 9, 2016 12:36 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY mkc/     SCANNED BY /s/ 6/9/16

KRISTINE HUDD, on behalf of
The UNITED STATES OF AMERICA,

PLAINTIFF/Relator,

V.

GREAT LAKES PHYSICAL THERAPIES –
NORTH MUSKEGON, LLC

&

JEFFREY EATON,

DEFENDANTS,

CIVIL ACTION NO.

FILED UNDER SEAL
QUI TAM
31 U.S.C. §§ 3729-32
JURY TRIAL DEMANDED

**1:16-cv-710**

**Janet T. Neff**
**U.S. District Judge**

HON.

Joshua S. EldenBrady (P73207)
Vincent E. Carlson & Associates, PLC
Attorney for Relator Kristine Hudd
2320 Lake Ave
North Muskegon, MI  49445
231-726-4357

## FALSE CLAIMS ACT COMPLAINT
## "QUI TAM"

The United States of America, by and through qui tam Relator, Kristine Hudd, brings this action under 31 U.S.C. §§ 3729-32 (The "False Claims Act") to recover from Great Lakes Physical Therapies – North Muskegon, LLC & Jeffrey Eaton ("Great Lakes") for all damages, penalties, and other remedies available under the False Claims Act on behalf of the United States and herself and would show unto the Court the following:

## PARTIES

1. Relator, Kristine Hudd ("Hudd"), is an individual and citizen of the United States of America residing in Holton, County of Muskegon, MI

2. Defendant Great Lakes Physical Therapies – North Muskegon, LLC is a Michigan Limited Liability Company with its principal place of business located at 2073 Holton Rd, North Muskegon, MI 49445, County of Muskegon. Great Lakes Physical Therapies – North Muskegon, LLC's agent for service of process is Jeffrey Eaton at the same address.

3. Defendant Jeffery Eaton ("Eaton") is an individual and citizen of the United States of America and a resident of Michigan.

## JURISDICTION AND VENUE

4. This Court maintains subject matter jurisdiction over this action pursuant to 31 U.S.C. §3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question).

5. Venue is proper in this Court under 31 U.S.C. § 3732(a) because Great Lakes principle place of business in located in Muskegon County Michigan.

6. Hudd has personally gathered all the documentation substantiating the allegations herein. This action is not based on any information that has been publically disclosed as defined by 31 U.S. Code § 3730(e)(4)(A).

## FACTS

7. Great Lakes is a physical therapy provider that services Medicare patients and bills directly for services provided to those patients.

8. On Relators information and belief Jeffrey Eaton is the sole member and manager of Great Lakes Physical Therapy – North Muskegon, LLC.

9. Jeffrey Eaton is the day to day manager and supervisor of Great Lakes Holton Road Location as well as a treating therapist at that location.

10. Medicare regulation for physical therapy services require that the therapist work one on one with the patient and prohibit an assistant continuing services in the absence of the licensed therapist when said services are billed as individual appointments.

11. Great Lakes and Jeffrey Eaton regularly prepared two schedules for each day, one schedule contained the actual appointments as confirmed with patients ("actual schedule") and the second modified schedule ("record schedule") was adjusted to make it appear that each Medicare patient was seen by the licensed therapist separate from any other patients.

12. The schedule showing Medicare patients separate from other patients was used to prepare billing for Medicare and other insurance purposes.

13. The changes to the record schedule were on paper only and patients were seen according to the actual schedule.

14. Jeffrey Eaton was aware of and ordered the preparation of the record schedule and knew that the information on the record schedule was false.

15. Hudd is aware, and has documentation, of:

   a. at least 240 cases in 2009 where Medicare patients were seen doubled with other patients or in too short of a time to qualify for reimbursement,

   b. at least 182 cases in 2012 where Medicare patients were seen doubled with other patients or in too short of a time to qualify for reimbursement,

      c.    at least 195 cases in 2013 where Medicare patients were seen doubled with other patients or in too short of a time to qualify for reimbursement,

      d.    at least 568 cases in 2014 where Medicare patients were seen doubled with other patients or in too short of a time to qualify for reimbursement,

      e.    at least 66 cases in 2 the first two months of 2015 where Medicare patients were seen doubled with other patients or in too short of a time to qualify for reimbursement.

16. On Relator's information or belief all Medicare patients were billed as single patient 45 minute appointments.

17. Schedules were changed at the direct instruction of Jeffrey Eaton every day on Relator's information and belief contained fraudulent Medicare billing information almost every day over and above the number of aforementioned documented cases.

18. These changes were made willfully and intentionally in order to apply for Medicare and other reimbursement that Defendants knew they were not entitled to.

## CAUSE OF ACTION

**Violations of the False Claims Act**

19. Hudd incorporates and re-alleges all of the foregoing allegations herein.

20. Based upon the acts described above, Defendant knowingly violated one or more of the following:

      a.    Knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval;

      b.      Knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

21.      The United States or its agents, unaware of the falsity of these claims, records, and statements made by the Defendant, and in reliance on the accuracy thereof, paid money to Defendant and/or Defendant's agents. These payments were most likely made through Medicare

22.      The United States and the general public have been damaged as a result of Defendant's violations of the False Claims Act.

## PRAYER FOR RELIEF

For the reasons set forth above, Hudd, on behalf of the United States, respectfully requests this Court to find that Defendant has damaged the United States Government as a result of its conduct under the False Claims Act. Hudd prays that judgment enter against Defendant for all applicable damages, including but not limited to the following:

      a.      Actual damages in an amount of payment issues.

      b.      Civil Penalties in an amount of three times the actual damages suffered by the Government plus the statutory civil penalty "of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990" as provided by 31 U.S.C. § 3729(a)(1)(G).

      c.      Relator seeks a fair and reasonable amount of any award for her contribution to the Government's investigation and recovery pursuant to 31 U.S.C. §§ 3730(b) and (d) of the False Claims Act.

      d.      Attorney's fees and costs awarded to Relator.

      e.      Pre-judgment and post judgment interest.

    f.  All other relief on behalf of the Relator and/or United States Government to which they may be entitled at law or equity

Respectfully Submitted,

June 1, 2016

                           Joshua S. EldenBrady

Joshua S. EldenBrady
Vincent E Carlson & Associates, PLC
2320 Lake Ave
North Muskegon, MI 49445

Clerk of the Court
U.S. District Court for the West. Dist. Mich.
399 Federal Bldg.
110 Michigan St NW
Grand Rapids, MI 49503



PRIORITY MAIL — TRACKED INSURED
UNITED STATES POSTAL SERVICE — For Domestic Use Only
Label 107R, July 2013

U.S. POSTAGE PAID
MUSKEGON, MI 49440
JUN 08, 16
AMOUNT $6.45
R2304M115219-23

Expected Delivery Day: 06/09/2016
USPS TRACKING NUMBER
9505 5112 7927 6160 3275 74